In the Matter of Clifton.

# SUPREME COURT.

In the Matter of the Application of Joseph Clifton for the Custody of his Child, Teresa Clifton, *alias* Small.

*Custody of child — public institution — protection.*

Where a father places his daughter, thirteen years of age, there to remain, under the care of a woman of notorious character living in a house opposite his own dwelling, and of whose reputation he could have advised himself without trouble, his conduct justifies the presumption that he is indifferent as to the destination and employment of his child, and unfit to be trusted with her care and maintenance.

The law of the land is broad enough to protect children from the errors of delinquent parents, and will not fail, through its officers, to endeavor to prevent the injustice which would otherwise ensue. When a parent is derelict he becomes unworthy of the charge; his trust is forfeited and the law assumes it.

In this case the application of the father was denied, and the child ordered to be placed in the institution, "The Sheltering Arms," there to remain until the further order of the court.

*June*, 1874.

Habeas Corpus, *before* Brady, J.

*W. F. Howe*, for the relator.

*J. T. Davenport*, for commissioner Gardner.

Brady, J.—This proceeding does not involve any question of the conduct of commissioner Gardner in doing what he did to rescue Teresa Clifton, *alias* Small, as he claims and proves, from a den of infamy, a panel thief apartment, attended

by abandoned women for felonious purposes. It is but just, however, to him to say that he testified that the door of Mrs. Small's room was not broken open, but opened by her upon request or demand, and I have no doubt of the truth of that statement. It may also be said, without passing upon the legal responsibilities assumed by the act committed to accomplish the result, that, as the child was not taken from the custody of her father on the occasion, no wrong was done him, and he cannot complain that another did for him what he should have been swift to do, not only for himself but his child. She is now but thirteen years old, and has not, therefore, even in this period of fast development and early assumption of individual capacity, arrived at an age when she may be safely trusted to her own judgment and control. She required the watchful and considerate control of her parents, and it behooved her father, when she was placed at service, to see to it that she was not exposed to dangerous influences and bad examples. It was a duty which he owed, not only to the community, of which he is a member, but particularly to her, to guard her against associates which would tend to her ruin when he parted from her custody and placed her under the care of another. The evidence on this proceeding fully discloses that he has been grossly negligent in this respect. He placed his child and permitted her to remain with a woman of notorious character living in a house opposite his own dwelling, and of whose reputation he could have advised himself without trouble. Not only did he do that, after he had taken his child from the changed residence of Mrs. Small at night, but he consented that she should return to Mrs. Small, who took her to some place, whither, he says, he did not know. His conduct, indeed, justifies the presumption that he was indifferent as to her destination or employment. It is apparent, therefore, that he is unfit to be intrusted at present with her care and maintenance. She now requires vigilant attention and moral culture. It is a painful duty so to declare, but the obligation is freely met

and discharged without reluctance.   The law of the land is broad enough to protect children from the errors of delinquent parents; and will not fail, through its officers, to endeavor to prevent the injustice which would otherwise ensue.   Society demands that a child shall be saved from a life of shame, and the laws of God and man sustain the demand.   When the parent is derelict he becomes unworthy of the charge; his trust is forfeited and the law assumes it. Teresa has not, it is to be hoped, so far transgressed that she may not yet be saved, although she has yielded to bad example and pernicious influences.   She is intelligent, modest in demeanor, and impressive in her quiet conduct and gentle manners.   I entertain no doubt that she will readily receive proper instructions for her future, and yield to the influences of good example.   In the hope of this result she will be placed in the institution, "The Sheltering Arms," there to remain until the further order of the court.

Order accordingly.